IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SH'NYA BROWN ) | Civil Action No. |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| OWAVE ORIGINAL INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Sh'Nya Brown ("Brown"), Plaintiff, by and through undersigned counsel, and files this Complaint against Owave Original Inc. ("Owave"), Defendant, for disparate treatment on the basis of her sex (female) and disability (pregnancy) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), showing the Court as follows:

**I.     NATURE OF COMPLAINT**

1.

This is a action for declaratory and injunctive relief, damages, attorney's fees, and court costs and expenses against Owave to address the deprivation of rights secured by the Title VII. Brown brings this action for disparate treatment based on

her sex and disability (pregnancy) in the terms, conditions, and privileges of employment in violation of Title VII.

## II.   JURISDICTION AND VENUE

2.

The jurisdiction of this Court is invoked pursuant 28 U.S.C. § 1331 and other relevant law.

3.

Owave is a Georgia for-profit corporation.

4.

Owave engages in commerce in this judicial district.

5.

The events or omissions giving rise to this claim occurred in this judicial district.

6.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## III.   PARTIES

7.

Brown is a person.

8.

Brown's sex as female.

9.

On or about December 6, 2019, Owave hired Brown as a sales clerk in its retail clothing store.

10.

Brown was pregnant when Owave hired her.

11.

Brown was qualified for Owave's sale clerk position.

12.

Brown was Owave's employee.

13.

Brown was able to perform all aspects of Owave's sale clerk position.

14.

Owave was Brown's employer from December 6, 2019, until December 26, 2019.

15.

Owave had 15 or more employees on payroll on each working day in each of 20 or more calendar weeks in 2019 or 2018.

16.

Brown filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 20, 2020. See Plaintiff's Exhibit A.

17.

On May 5, 2021, the EEOC issued a Notice of Right to Sue. Plaintiff's Exhibit B.

### IV. FACTS

18.

Brown began working for Owave on or about December 10, 2019.

19.

Brown worked under the direction of Owave's store manager, "Marie."

20.

Upon information and belief, Marie asked Brown whether or not she was pregnant.

21.

Brown disclosed to Marie that she was pregnant in response to Marie's question concerning her pregnancy status.

22.

Upon information and belief, Marie advised Brown to refrain from revealing her pregnancy status to "Jinny," Owave's owner, as Jinny would likely terminate Brown's employment upon learning of her pregnancy status.

23.

On or about December 11, 2019, Brown was working with "Jasmine," an Owave salesclerk.

24.

Upon information and belief, Jasmine asked Brown if Brown was pregnant.

25.

In response to Jasmine's query regarding her pregnancy status, Brown responded in the affirmative.

26.

Upon information and belief, Jasmine advised Brown to refrain from revealing her pregnancy status to Jinny.

27.

On or about December 12, 2019, Brown worked with "Kianna," an Owave sales clerk.

28.

Upon information and belief, Kianna acknowledged hearing that Brown was pregnant.

29.

Upon information and belief, Kianna advised Brown to refrain from revealing her pregnancy status to Jinny.

30.

On or about December 23, 2021, Brown suffered pregnancy related stomach pains that resulted in Owave's manager on duty, "Shannon," sending Brown home against her wishes.

31.

Upon information and belief, Shannon disclosed Brown's pregnancy status to Jinny.

32.

On or about December 26, 2019, Jinny sent Brown a text message terminating her employment. Plaintiff's Exhibit C.

## COUNT I
## DISPARATE TREATMENT ON THE
## BASIS OF SEX IN VIOLATION OF TITLE VII

33.

Brown re-alleges and adopts paragraph 1–32 as though fully set forth herein.

34.

But for Brown's pregnancy, Owave would not have terminated Brown's employment.

35.

Owave's termination of Brown's employment because of her pregnancy status was discriminatory on the basis of her sex in violation of Title VII.

36.

As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages including loss of employment, income, benefits, distress, humiliation, embarrassment, attorney's fees, and court costs and expenses.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits and/or lost earning capacity;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Declaratory relief;

    g.    Prejudgment interest;

    h.    Costs and attorney's fees; and

    i.    Such other relief as the Court may deem just and proper.

Respectfully submitted this 2nd day of August 2021.

                                              Respectfully submitted by,

                                              **MORGAN & MORGAN, PA**

                                              /s/ *F. Anthony Dawkins*
                                              F. Anthony Dawkins, J.D.
                                              Georgia Bar No. 157904
                                              Attorney for Plaintiff

191 Peachtree St. NE, Suite 4200
P.O. Box 57007

Atlanta, GA  30343
Direct: (404) 965-1872
Fax: (404) 720-3839
adawkins@forthepeople.com